## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHEENA KING, a minor, by and through her sister and guardian ad litem, TIFFANY KING; and TIFFANY KING, Individually,** | **05-CV-1438 (WJM)** |
| **Plaintiffs,** | **OPINION** |
| **v.** | **HON. WILLIAM J. MARTINI** |
| **FEDERAL EMPLOYEES' GROUP LIFE INSURANCE; METROPOLITAN LIFE INSURANCE COMPANY; JONE DOE 1–X; and JANE ROE 1–X, said names being fictitious,** | |
| **Defendants.** | |

Tobin Koster Oleckna Reitman Greenstein & Konray
Roy J. Konray, Esq.
1743 St. Georges Ave.
Rahway, NJ 07065

      (*Attorneys for Plaintiffs*)

Saltz Polisher, P.C.
Veronica Saltz, Esq.
993 Old Eagle School Rd., Suite 412
Wayne, PA 19087

      (*Attorneys for Defendant*)

**WILLIAM J. MARTINI, U.S.D.J.**:

      This matter comes before the Court on the parties' cross-motions for summary judgment as to the entirety of Plaintiffs' Complaint.  There was no oral argument.  Fed. R. Civ. P. 78.  For the following reasons, Defendant's motion for summary judgment is **GRANTED** and Plaintiffs' motion is **DENIED**.  Accordingly, the Complaint is **DISMISSED**.

**BACKGROUND**

Plaintiffs Sheena King and Tiffany King, daughters of a deceased federal postal employee, bring this two-count action against Defendant Metropolitan Life Insurance Co. (referred to herein as "MetLife") to recover proceeds under a life insurance policy obtained for their deceased father by the U.S. Postal Service pursuant to the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701 et seq.[1]  Resolution of the parties' cross-motions turns solely on the validity of a designation made by the deceased in February 2003.  The following material facts are not in dispute.

In January 1991, the deceased executed and filed a "Designation of Beneficiary" form naming as beneficiaries his two daughters (the Plaintiffs) and his two sons (non-parties to this action)—80% to go to the girls and 20% to the boys.  Under the designation, a third party, Lenda McNear, was to collect 80% of the proceeds if the children were under 18 years of age.  There is no dispute as to the validity of this form.  Subsequently, in February 2003, the deceased executed and filed another designation removing Lenda McNear as a designated beneficiary but again naming as beneficiaries the deceased's two daughters and his two sons—again 80% to the girls and 20% to the boys.  However, the February 2003 designation was also witnessed by the deceased's two daughters/Plaintiffs, who signed the designation form as witnesses even though the form states just above the witness signature line in bold print: "A witness is not eligible to receive a payment as a beneficiary."  Thus, following the death of the insured and consistent with federal regulations prohibiting witnesses from being beneficiaries on the same policy, *see* 5

---

[1]      Despite what is set forth in the Complaint's caption, Defendant Metropolitan Life Insurance Co. is the only Defendant to this action.

C.F.R. § 870.802(d), Met Life paid all proceeds due under the deceased's policy to Plaintiffs'

two brothers, the only remaining permissible beneficiaries under the most recent (February 2003)

designation.

Based on these facts, the parties now cross-move for summary judgment.

## ANALYSIS

**I.      Standard of Review**

A court should grant summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c).  Once the moving party has made a properly supported motion for

summary judgment, the burden shifts to the nonmoving party to "set forth specific facts showing

that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 247–48 (1986).  No issue for trial exists unless the nonmoving party can demonstrate

sufficient evidence favoring it such that a reasonable jury could return a verdict in that party's

favor.  *See Anderson*, 477 U.S. at 249.

**II.     MetLife Is Entitled to Summary Judgment Because Plaintiffs Are Not Eligible
         Beneficiaries Under the Deceased's Policy**

Plaintiffs, acknowledging that their witness status precludes them from recovering policy

proceeds paid pursuant to the February 2003 designation, ask the Court to rule that the otherwise

valid February 2003 designation is invalid as a matter of law because: (1) one witnesses (Plaintiff

Sheena King) was under 18 at the time she witnessed the designation; and/or (2) both witnesses

were named as beneficiaries in the designation.  (*See generally* Br. in Opp'n to Def.'s Mot. for

Summ. J. and in Supp. of Pls.' Cross-Mot. for Summ. J.)  There is no authority, however, for

concluding that these witness characteristics render an otherwise valid designation invalid under

FEGLIA.

It is undisputed that neither FEGLIA nor its corresponding federal regulations impose the

witness requirements proposed by Plaintiffs.  Congress enacted FEGLIA in 1954 to provide low-

cost group life insurance to Federal Employees.  *Metro. Life Ins. Co. v. Christ*, 979 F.2d 575, 576

(7th Cir. 1992).  FEGLIA, as amended in 1966, establishes an order of precedence for purposes

of payment of policy proceeds pursuant to which proceeds are paid first "to the beneficiary or

beneficiaries designated by the employee in a *signed and witnessed* writing received before death

in the employing office. . . .  [A] designation, change or cancellation of beneficiary . . . not so

executed and filed has no force or effect."  5 U.S.C. § 8705(a) (emphasis added).  Corresponding

federal regulations elaborate on the signing/witnessing requirements: "A designation of

beneficiary must be in writing, signed by the insured individual, and witnessed and signed by 2

people."  5 C.F.R. § 870.802(b).  In passing on adherence to these requirements, this Court may

not entertain equitable considerations or extrinsic evidence of the insured's intent.  *Hightower v.*

*Kirksey*, 157 F.3d 528, 531 (7th Cir. 1998) (noting that purpose of FEGLIA's strict requirements

for valid designation is "to establish, for reasons of administrative convenience, an inflexible rule

that a beneficiary must be named strictly in accordance with the statute, irrespective of the

equities in a particular case").

The Court disagrees with Plaintiffs' assertion that a reasonable construction of FEGLIA

would impose the witness qualifications proposed by Plaintiffs.  First, although neither the

statute nor the regulations set forth who may properly witness a designation, the Court is unaware

of any federal or New Jersey state law prohibiting otherwise competent minors from serving as

witnesses.  *Cf.* N.J.S.A. 9:17B-1 (defining and limiting minors' legal powers and obligations but

making no reference to minors' ability to serve as witness).  In this case, although Plaintiffs point

out that Plaintiff/witness Sheena King was only 15-years-old at the time she witnessed the

February 2003 designation, Plaintiffs have not claimed that she was otherwise incompetent at the

time.  Second, Plaintiffs' proposed witness qualifications do not further the purposes of the

signing/witnessing requirements—which purposes are to establish the intent of the insured and to

ensure that designations are voluntary, *accord O'Neal v. Gonzalez*, 653 F. Supp. 719, 722 (S.D.

Fla. 1987).  That is, there is no reason to believe that the testimony of minors otherwise

competent to serve as witnesses would be legally incapable of establishing either the intent of an

insured or the voluntary nature of a designation.  Moreover, because federal regulations already

make witnesses ineligible to receive payments as beneficiaries, *see* 5 C.F.R. § 870.802(d),

invalidating otherwise valid designations simply because they are witnessed by beneficiaries

would not do anything more to ensure that designations are voluntary than is already

accomplished by regulation.

******

In sum, the Court must decline the invitation to write into FEGLIA the witness

qualifications proposed by Plaintiffs.  Although the Court acknowledges that FEGLIA's

signing/witnessing requirements, reasonably construed, may in other circumstances impose

requirements not expressly set forth in the statute or regulations (*e.g.*, although neither the statute

nor the regulations so provide, no reasonable construction of FEGLIA, in the Court's opinion,

would permit the witnessing requirement to be satisfied by the signature of a mentally

Page 5 of  6

incompetent person), the additional requirements/witness-qualifications proposed by

Plaintiffs—which would render invalid designations witnessed by 15-year-olds and/or policy

beneficiaries—simply do not further the purposes of FEGLIA's strict requirements for the

making of a valid designation.

**CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED** and

Plaintiffs' motion is **DENIED**.  Accordingly, the Complaint is **DISMISSED**.


                                        s/ William J. Martini
                                        **William J. Martini, U.S.D.J.**

cc:      The Honorable Ronald J. Hedges, U.S.M.J.